FILED

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION**

2014 APR 28  P 12: 11

**JONATAN PORNOMO,**
**Administrator of the Estate**
**of Sie Giok Giang, Deceased,**

      **Plaintiff,**

v.

                               CIVIL ACTION NO. 3:14 CV 307

**THE UNITED STATES OF AMERICA,**

**Defendant.**

<u>COMPLAINT</u>

COMES NOW the Plaintiff, **JONATAN PORNOMO, Administrator of the Estate of Sie Giok Giang, deceased,** by counsel, and files this wrongful death action, pursuant to the Federal Tort Claims Act, U.S.C. Sections 1346, 2671-2680, et seq., in the United States District Court for the Eastern District of Virginia, Richmond Division, seeking judgment against the Defendant, **THE UNITED STATES OF AMERICA**, in the sum of **THREE MILLION DOLLARS and NO/100 ($3,000,000.00),** along with taxable costs allowed by law, on the grounds set forth below:

    1.    Plaintiff's decedent, Sie Giok Giang, date of birth August 1, 1947, on May 31, 2011, was an adult resident of Philadelphia, Pennsylvania, and was a passenger riding on a commercial passenger bus owned and operated by Sky Express, Inc., and driven by Kin Yiu Cheung, an employee of Sky Express, Inc.

    2.    Bus driver Kin Yiu Cheung, at all times relevant to this action, was employed by Sky Express, Inc. as a commercial passenger bus driver, and was acting within the scope of Cheung's employment with Sky Express, Inc., and performing Cheung's regular employment

duties for Sky Express, Inc.

3.    Bus driver Kin Yiu Cheung, on May 31, 2011, was an adult resident of New York, living at 144-80 Sanford Avenue 2D, Flushing, New York 11355.

4.    Plaintiff Jonatan Pornomo, administrator of the estate of the deceased, Sie Giok Giang, at all times relevant to this action, was and is an adult resident of Philadelphia, Pennsylvania, residing at 1801 South Napa Street, Philadelphia, Pennsylvania.

5.    Sky Express, Inc., at all times relevant to this action, was a North Carolina business corporation which owned and operated a commercial passenger bus enterprise for profit, and was a common carrier in interstate commerce, providing interstate bus transportation services to members of the general public, with its corporate headquarters at 7012 Idlewild Road, Charlotte, North Carolina 28212.

6.    Plaintiff Jonatan Pornomo, a surviving adult son of decedent Sie Giok Giang, was duly qualified and appointed the administrator of the estate of Sie Giok Giang, deceased, in the Circuit Court of the City of Richmond, Virginia, on the 14th of May, 2013, pursuant to Va. Code Section 64.2-454, for the purpose of prosecuting a wrongful death action arising from the death of bus passenger Sie Giok Giang on May 31, 2011, on behalf of the administrator and the other four statutory wrongful death beneficiaries of decedent Sie Giok Giang, under applicable Virginia law, Virginia Code Section 8.01-53.

7.    On Tuesday, May 31, 2011, at approximately 4:45 a.m., Plaintiff's decedent Sie Giok Giang was riding on a Sky Express passenger bus traveling northbound on Interstate 95, in Caroline County, Virginia, in the vicinity of Doswell, Virginia.

8.    The above described Sky Express commercial passenger bus began its route in

2

Greensboro, North Carolina, on the night of May 30, 2011, and its destination was the

Chinatown neighborhood in the borough of Manhattan, in New York City.

9.     At approximately 4:45 a.m., approximately four-tenths of a mile south of the

intersection of Interstate 95 North and Route 207/Rogers Clark Boulevard, and in the vicinity of

mile marker 103.40,  bus driver Kin Yiu Cheung fell asleep while driving the above described

Sky Express passenger bus at approximately sixty to sixty-five miles per hour, causing Cheung to

lose control of the moving bus, and allowing the bus to drift from the right northbound travel

lane of Interstate 95 onto the paved shoulder on the right, or east, side of the highway, and then

onto a sloped grass embankment to the right, or east, of the paved shoulder, where the bus struck

a metal guard wire, flipped onto its passenger side, and then rolled onto its roof, where it came to

rest.

10.     The bus's roof collapsed and fell toward passenger Sie Giok Giang, trapping

passenger Giang's head and face between the collapsed bus roof and the top of her passenger

seat, and causing passenger Sie Giok Giang's subsequent death by mechanical asphyxiation, or

suffocation.

11.     The Virginia wrongful death statutory beneficiaries in this action, pursuant to

Virginia Code Section 8.01-53, are Jonatan Pornomo, surviving adult son of the decedent, three

brothers of Jonatan Pornomo who are also surviving adult sons of the decedent, Yoppy Pornomo,

Yoram, and Yoyakim Pornomo, and the surviving adult husband of the decedent, Gunavoir

Pornomo.

12.     On May 31, 2011, when the above described fatal bus crash occurred in Caroline

County, Virginia, Sky Express, Inc., was a interstate common carrier, offering interstate bus

3

transportation services to the general public, and was operating under the regulatory authority of the United States Department of Transportation, Federal Motor Carrier Safety Administration, as an authorized interstate motor carrier of passengers.

13.     The United States Department of Transportation (USDOT) was, on May 31, 2011, and at all times relevant to this action, an agency of the federal government of the United States of America, and the Federal Motor Carrier Safety Administration (FMCSA) was, at all times relevant, a division or department within the USDOT.

14.     In this action, Plaintiff alleges that the negligent acts and omissions of the Federal Motor Carrier Safety Administration (FMCSA), acting by and through its employees, officers, directors, officials, managers, and/or authorized agents, were a proximate cause of the above described fatal crash of Sky Express, Inc.'s passenger bus in Caroline County, Virginia, on May 31, 2011, and a proximate cause of the wrongful death of Plaintiff's decedent, Sie Giok Giang, on that same date and location.

15.     Plaintiff previously filed the required prerequisite written claim, in accordance with the Federal Tort Claims Act, with the appropriate federal government agency, The United States Department of Transportation/United States Federal Motor Carrier Safety Administration, and this action under the Federal Tort Claims Act is timely filed in the United States District Court for the Eastern District of Virginia, Richmond Division, where proper venue lies for this action.

16.     Sky Express, Inc., under its original and previous corporate name, Lei Shi, applied to the United States Department of Transportation (USDOT) in April, 2005 for authority to begin transporting bus passengers on interstate routes, and in response, the USDOT's FMCSA issued Lei Shi a USDOT number, and entered Lei Shi into the FMCSA's new entrant safety assurance

4

program.

17.    A USDOT number is issued to all new entrant interstate motor carriers, and serves as the US DOT's unique identifier for individual motor carriers when the DOT collects and monitors safety information acquired during safety audits, compliance reviews, and inspections.

18.    In 2005, the FMCSA was required by statute and by its governing federal regulations, the Federal Motor Carrier Safety Regulations (FMCSRs), to conduct a safety audit of all newly authorized interstate motor carriers within eighteen months of the date a carrier began operations in interstate commerce.

19.    The FMCSA did not conduct the required safety audit of new interstate carrier Lei Shi until twenty-two months after the carrier began interstate operations in April 2005, so that the safety audit was not conducted until February, 2007.

20.    The bus company, Lei Shi, passed the new entrant safety audit in late February, 2007, although the FMCSA identified three areas of safety concern that required improvement.

21.    Sometime between 2008 and 2009, the interstate passenger bus company Lei Shi changed its name to Sky Express, Inc.

22.    Between February 2007 and the above described fatal bus crash on May 31, 2011, the FMCSA conducted five safety compliance reviews on this interstate motor carrier, on May 6, 2008, May 12, 2009, April 12, 2010, April 7, 2011, and May 23, 2011. At each of these compliance reviews, the FMCSA found deficiencies in the bus company's safety operations, but nonetheless repeatedly allowed Sky Express to remain in service as an interstate bus carrier.

23.    A compliance review of an interstate motor carrier under the authority of the FMCSA is an on site examination by the FMCSA of the interstate carrier's operations, including

an examination of the carrier's hours of service practices and procedures for drivers, vehicle

maintenance and inspection records, driver qualifications, compliance with commercial driver's

license requirements, accident records, and other safety and transportation related records. The

purpose of a compliance review is for the FMCSA to determine whether the motor carrier's

operations comply with the Federal Motor Carrier Safety Regulations (FMCSRs) and to evaluate

the carrier's safety culture.

24.     Following and as the result of the April 7, 2011 compliance review of Sky Express,

Inc., the FMCSA assigned Sky Express an unsatisfactory rating with regard to its driver and

operational factors, and assigned a conditional rating with regard to the carrier's vehicle factor,

and issued Sky Express a proposed overall unsatisfactory rating.

25.     Under applicable federal statutes and regulations, 49 USC 13905(f)(1)(B), 49 USC

31144, and 49 CFR 385.13, an interstate motor carrier that receives an unsatisfactory rating from

the FMCSA will have its USDOT/FMCSA registration and operating authority revoked, and will

be prohibited from continuing to transport passengers in interstate commerce, and such

revocation and prohibition begins on the forty-sixth day after the date of the FMCSA notice of

proposed "unsatisfactory" rating.

26.     On April 12, 2011, the FMCSA provided Sky Express, Inc. with written notice

of FMCSA's proposed overall unsatisfactory rating, and informed Sky Express that it

could submit a request for the FMCSA to change the proposed unsatisfactory rating, along with a

written corrective action plan to address and remedy the identified deficient and unsafe

operations uncovered during the April 7, 2011 compliance review, within the next forty-five

days, and informing Sky Express that the forty-five day deadline to submit a sufficient corrective

6

action plan would begin to run on April 13, 2011, and would expire on May 28, 2011.

27.     In response to the FMCSA's above described written notification of April 12, 2011, Sky Express sent FMCSA a written request to change the proposed unsatisfactory rating, along with a written corrective action plan, on May 11, 2011.

28.     On May 12, 2011, the FMCSA sent Sky Express a written response to the carrier's May 11th letter, notifying Sky Express that its corrective action plan in its May 11th letter was insufficient to address and remedy the carrier's safety deficiencies uncovered during the recent April 7, 2011 compliance review.

29.     Nonetheless, although the FMCSA found that Sky Express's written corrective action plan of May 11th was insufficient, the FMCSA inexplicably sent Sky Express, Inc. another letter on May 13, 2011, informing the bus carrier that the FMCSA would extend Sky Express's forty-five day deadline to submit a sufficient and acceptable corrective action plan by ten days, thereby extending the carrier's deadline from May 28, 2011, to June 7, 2011.

30.     Without the FMCSA's ten day extension of the above described forty-five day deadline for the carrier to submit a sufficient and responsive corrective action plan, Sky Express, Inc. would have lost its interstate operating authority, and the FMCSA would have revoked Sky Express's interstate operating authority and prohibited Sky Express from operating a bus passenger service in interstate commerce on May 28, 2011, three days before the fatal bus crash occurred in Virginia on May 31, 2011, and thereby prevented the bus crash and wrongful death of Plaintiff's decedent, Sie Giok Giang

31.     The FMCSA did not have legal authority, by statute or by regulation, to extend Sky Express, Inc.'s forty-five day deadline to submit a sufficient corrective action plan,

or the legal authority to choose not to revoke Sky Express, Inc.'s interstate operating authority and remove Sky Express from service as an interstate bus passenger carrier on May 28, 2011, when the forty-five day deadline expired.

32. The federal statutes governing the USDOT's and FMCSA's legal authority in the above described matter involving Sky Express, Inc. are 49 U.S.C. Section 31144(c)(2) and (c)(5), which state respectively, "With regard to owners or operators of commercial motor vehicles designed or used to transport passengers, an owner or operator who the Secretary determines is not fit may not operate in interstate commerce beginning on the 46th day after the date of such fitness determination and until the Secretary determines such owner or operator is fit," and subsection (c)(5) states, "Owners or operators of commercial motor vehicles prohibited from operating in interstate commerce pursuant to paragraphs (1) through (3) of this section may not operate any commercial motor vehicle that affects interstate commerce until the Secretary determines that such owner or operator is fit."

33. According to the above described governing statutes enacted by the United States Congress, the Secretary of the USDOT, and his delegated agent, the FMCSA (see 49 CFR Section 385, Appendix B to Part 385(a)), are not authorized or permitted by these governing statutes to extend an interstate passenger motor carrier's forty-five day deadline to submit a written corrective action plan to address safety deficiencies, and to the contrary, the FMCSA is required by these statutes to prohibit such an interstate carrier from resuming interstate transportation operations unless and until the carrier has demonstrated to the FMCSA that the carrier is fit and its safety operations and practices are satisfactory.

8

34.     The Defendant's agencies, the USDOT and the FMCSA, by and through their

employees, officers, directors, officials, managers, and agents, acting within the scope of their

regular job duties, positions, and responsibilities, were negligent in failing to fulfill their

above described duties to Plaintiff that were prescribed by the above described

statutes, and negligent in exceeding the legal authority granted to them and to the USDOT and

the FMCSA by the above described applicable statutes, when the FMCSA extended  Sky

Express, Inc.'s forty-five day deadline to submit a sufficient corrective action plan to the FMCSA

by ten days, and for illegally and unlawfully permitting an unfit and unsafe interstate passenger

bus carrier, Sky Express, Inc., to continue to operate as an interstate bus passenger transportation

company after the above described forty-five day deadline expired, in violation of the above

described statutes.

35.     Assuming arguendo that the USDOT and/or the FMCSA had the legal authority to

contravene the applicable statutes passed by the United States Congress, the regulation governing

the FMCSA's authority to extend a commercial interstate motor carrier's forty-five day deadline

to submit a sufficient written corrective action plan is 49 CFR 385.17(f), and its

version in effect in May 2011 stated, in pertinent part, "If the motor carrier has submitted

evidence that corrective actions have been taken pursuant to this section and the FMCSA cannot

make a final determination within the forth-five day period, the period before the proposed safety

rating becomes final may be extended for up to ten days at the discretion of the FMCSA."

36.     According to 49 CFR 385.17(f), the FMCSA had no authority to extend Sky

Express's forty-five day deadline, scheduled to expire on May 28, 2011, when the proposed

unsatisfactory rating of Sky Express would become final and Sky Express's operating authority

would be revoked, unless "the carrier has submitted evidence that corrective actions have been taken..."

37.     On May 12, 2011, the FMCSA sent Sky Express written notification that the bus carrier's proposed corrective action plan was insufficient, thereby establishing the FMCSA's official position that Sky Express had not met the prerequisite requirement of submitting  "...evidence that corrective actions have been taken pursuant to this section..."

38.     Assuming arguendo that the FMCSA's governing regulation was lawful and valid and consistent with the applicable statutes passed by Congress, the FMCSA failed to comply with its own governing regulation, 49 CFR 385.17(f), when the FMCSA extended Sky Express's forty-five day deadline by ten days, thereby allowing the bus passenger carrier to continue its interstate operations after May 28, 2011, and cause the fatal bus collision involving Plaintiff's decedent three days later, on May 31, 2011.

39.     The Defendant's agencies, the USDOT and the FMCSA, by and through their employees, officers, officials, directors, managers, and agents, acting with the scope of their regular job duties, positions, and responsibilities, were negligent in failing to fulfill their above described duties to Plaintiff prescribed by the above described applicable regulation, and in exceeding the legal authority granted to them and to the USDOT and the FMCSA by the above described regulation, when the FMCSA extended Sky Express's forty-five day deadline to submit a sufficient written corrective action plan by ten days, and by permitting an unfit and unsafe interstate passenger bus carrier, Sky Express, to continue to operate as an interstate bus passenger transportation company after the forty-five day deadline expired on May 28, 2011, in violation of the applicable regulation.

40.   As a direct and proximate result of the Defendant's above described negligent acts and omissions, and negligent breach of statutory and regulatory duties owed to Plaintiff's decedent, Plaintiff's decedent Sie Giok Giang was killed in the fatal Sky Express bus crash on May 31, 2011.

41.   Decedent Sie Giok Giang's statutory beneficiaries in this wrongful death action, pursuant to Virginia Code Section 8.01-53, are her surviving husband, Gunavoir Pornomo, and her four surviving adult children, Jonatan Pornomo, Yoppy Pornomo, Yoram Pornomo, and Yayakim Pornomo.

42.   The above described statutory beneficiaries of decedent Sie Giok Giang, in this wrongful death action, seek fair and just compensation for their sorrow, mental anguish, and solace, including society, companionship, comfort, guidance, kindly offices, and advice of the decedent, and the beneficiaries' loss of services, protection, care, and assistance provided by the decedent, caused by the May 31, 2011 bus crash that resulted in the tragic and untimely death of Plaintiff's decedent, Sie Giok Giang, as well as reasonable funeral expenses incurred as the result of the decedent's wrongful death.

WHEREFORE, Jonatan Pornomo, Administrator of The Estate of Sie Giek Giang, deceased, on behalf of the wrongful death statutory beneficiaries, demands judgment against the Defendant, the United States of America, in the amount of THREE MILLION DOLLARS and NO/100 ($3,000,000), and taxable costs in his behalf expended.

**JONATAN PORNOMO,**
**Administrator of the Estate**
**of SIE GIOK GIANG, Deceased,**


By: _Philip L. Bradfield_
Of Counsel


Philip L. Bradfield, Esquire
VSB # 30106
MARCARI, RUSSOTTO, SPENCER & BALABAN, P.C.
501 Baylor Court, Suite 200
Chesapeake, VA  23320
Telephone (757) 963-2800
Facsimile   (757) 963-0750
Counsel for Plaintiff